**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUANA INESTROZA MADRID,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-04054-BAS-JAC<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Juana Inestroza Madrid filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release or, in the alternative, a bond hearing. (ECF No. 1.) The Government responded to the Petition, acknowledging that, pursuant to *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), Respondents "do not oppose" a bond hearing. (ECF No. 4.) Petitioner filed a Traverse arguing that a bond hearing before the Immigration Court is inappropriate because the Immigration Court cannot provide the constitutionally meaningful hearing the Fifth Amendment requires and that, at any bond hearing, the Government should have the burden to show by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (ECF No. 5.)

For the reasons stated below, the Court **GRANTS** the Petition to the extent it requests a bond hearing before an Immigration Judge but **DENIES** the Petition to the extent it requests the bond hearing be held by this Court or that the burden be shifted to the Government to show by clear and convincing evidence that Petitioner should remain in custody.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since she is seeking release from custody, she has standing to pursue this Petition.

## II. ANALYSIS

Petitioner, a citizen of Honduras, entered the United States fourteen years ago without inspection. (Pet. ¶¶ 5, 25, ECF No. 1.) Immigration and Customs Enforcement ("ICE") arrested her on March 23, 2026, in the interior of the United States. (*Id.* ¶ 3.) Since her arrest, the Department of Homeland Security ("DHS") has refused to grant her request for a bond hearing, presumably relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*)

The Ninth Circuit recently put to rest the issue of whether *Yajure Hurtado* remains good law in the Ninth Circuit. *Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026). It does not. *Vazquez*, slip op. at 10 ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). The Government does not oppose the request for a bond hearing. (ECF No. 4.)

The question remains, however, whether the Immigration Court should be disqualified from holding this bond hearing and whether the burden should be shifted at the hearing—requiring the Government to prove by clear and convincing evidence that Petitioner would pose a danger to the community or a flight risk if released. (ECF No. 5.) The evidence that the Immigration Court is so biased that it is no longer an independent entity is insufficient to support disqualification of the entire bench. In addition, the recent Ninth Circuit case of *Vazquez v. Bostock* affirms that "a § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of evidence that he is not a flight risk or a danger to the community." *Vazquez*, slip op. at 15 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). Petitioner's attempts to distinguish *Rodriguez Diaz* are misplaced. If anything, the fact that Rodriguez Diaz dealt with an arguably arbitrary and prolonged detention militated even more strongly in favor of burden-shifting, yet it was rejected by the Ninth Circuit. In addition, as indicated above, the Court finds insufficient evidence that there has been an entire collapse of the Immigration Court's independence.

Hence, the Court **GRANTS IN PART** the Petition to the extent it requests a bond hearing before an Immigration Judge, but the Court declines to order burden-shifting at the bond hearing or to disqualify the Immigration Court from holding the hearing.

## III. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** a bond hearing before an Immigration Judge for Juana Inestroza Madrid (A#240-367-729) within 10 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 10 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 31, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**